UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCARLET KIM & CO., INC. and DONGJIN SEMICHEM CO., INC.,

Plaintiffs,

v.

CLOCELL, INC. and POLYCHEM ALLOY, INC.,

Defendants.

**OPINION AND ORDER**

Civ. No. 15-05664 (WHW)(CLW)

**Walls, Senior District Judge**

Defendant Polychem Alloy, Inc. ("Pollychem") moves for summary judgment under Fed. R. Civ. P. 56(c). ECF No. 24. Plaintiffs Scarlet Kim & Co. ("Scarlet Kim") and Dongjin Semichem Co., Inc. ("Dongjin") oppose the motion and argue that the case should proceed to trial. ECF No. 25. The Court decides this motion without oral argument under Fed. R. Civ. P. 78. Defendant's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a civil action for breach of contract and collections on a "book account." ECF No. 16 ¶ 1. The facts of this case are largely undisputed. The parties agree that on July 7, 2014, defendant Clocell, Inc. ("Clocell") issued three purchase orders to Plaintiffs. Polychem's Statement Undisputed Facts, ECF No. 24-3 ¶ 1. As a result of these purchase orders, plaintiff Scarlet Kim issued three invoices to Clocell. *Id.* ¶ 2. The first invoice was dated July 24, 2014 in the amount of $66,780. *Id.* ¶ 3. The second invoice was dated July 26, 2014 and issued in the amount of $59,455. *Id.* ¶ 4. And, the third invoice was dated September 12, 2014 and issued in the amount of $143,760. *Id.* ¶ 5. Finally, the parties agree that on August 13, 2014, Polychem

1

wrote a letter which reads, in relevant part: "Polychem Alloy, Inc. shall cover the liabilities of Clocell, Inc. in the 1st year of VENDOR specific relationship." *Id.* ¶ 6.

From here, the parties' understanding of the facts differs. Plaintiffs contend that Polychem's August 13, 2014 letter is an "unconditional guaranty to Plaintiffs" that Polychem will cover all Clocell's liabilities stemming from the purchase orders. Pl.'s Res. Polychem's Statement Undisputed Facts, ECF No. 25 at 4, ¶ 6. Polychem disagrees, arguing that the letter "can at best be considered an unenforceable gratuitous promise." ECF No. 24-3 at 3.

On July 21, 2015, after neither Clocell nor Polychem had remitted payment for the purchase orders, Plaintiffs filed suit against Clocell for breach of contract, ECF No. 1 ¶¶ 21–27, and "book account," *id.* ¶¶ 28–35, and Polychem for breach of an unconditional guaranty, *id.* ¶¶ 36–43. Plaintiffs filed an Amended Complaint by consent to add Dongjin as a plaintiff on June 1, 2016. ECF No. 16. On April 12, 2017, Polychem filed this motion for summary judgment. ECF No. 24.

Polychem argues that summary judgment should be granted on Plaintiffs' breach of guaranty claim because the alleged guaranty is unenforceable as a matter of law for want of consideration. ECF No. 24-3 at 2–3. Specifically, Polychem argues that "none of the parties obtained any benefit or detriment for the guaranty" and that "plaintiff cannot utilize the mere promise to pay the prior debt of Clocell as consideration for the guaranty." *Id.* at 3. Plaintiffs respond that summary judgment is inappropriate because "a genuine material factual dispute exists surrounding whether there was consideration for the Guaranty." ECF No. 25 at 11. In support of their argument, Plaintiffs attach an affidavit from Tae Yong An, Vice President of Scarlet Kim, ECF No. 25-1, which states that "Plaintiffs required the procurement of a Guaranty from Defendant Polychem" in order to continue the business relationship with Clocell and to

continue to ship Clocell product after it failed to pay the first two Scarlet Kim invoices. *Id.* ¶¶ 4–9. The affidavit also states that Polychem benefitted financially from the Guaranty because Polychem and Clocell are related entities and the Guaranty ensured continued shipment of Plaintiffs' product to Clocell. *Id.* ¶ 10.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott*, 550 U.S. at 380. At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. "[W]here the nonmoving

party bears the burden of proof, it must by affidavits, or by the depositions and admissions on file make a showing sufficient to establish the existence of every element essential to that party's case." *Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir. 1988) (quoting *Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp.*, 812 F.2d 141, 142 (3d Cir. 1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))) (internal quotation marks omitted).

## DISCUSSION

Like any other contract, a guaranty must be supported by consideration to be enforceable. *Great Falls Bank v. Pardo*, 263 N.J. Super. 388, 400 (Ch. Div. 1993) *aff'd*, 273 N.J.Super. 542 (App. Div. 1994). "A mere promise to pay an antecedent debt of another is not generally regarded as consideration for a guaranty. However, either a slight benefit to the promisor or a trifling inconvenience to the promisee suffices. Importantly, it is unnecessary that any consideration pass directly from the guarantee to the guarantor, and any consideration moving from the original obligors to the guarantor is sufficient to support the guaranty contract." *Id.* at 401 (internal citations omitted). A guaranty can be supported by the same consideration that supported the original contract on which it is based only if the guaranty and the original contract were executed simultaneously. *Sapta Glob., Inc. v. Cilicorp*, LLC, No. CIV. 13-3698 KM MAH, 2015 WL 1469600, at *6 n.5 (D.N.J. Mar. 30, 2015).

Polychem argues that its August 13, 2014 letter is unenforceable for lack of consideration because "none of the parties obtained any benefit or detriment from the guaranty beyond the antecedent debt," which accrued before the Guaranty was executed. ECF No. 24-3. Plaintiffs respond that there was consideration for the Guaranty because it induced Plaintiffs "to continue the business relationship with Defendant Clocell, Inc. and to continue to ship product to Defendant Clocell, Inc. ECF No. 25 at 9. Plaintiffs offer the An affidavit to support their

4

argument that absent the Guaranty, Plaintiffs would have ceased shipment to Clocell. An Aff., ECF No. 25-1 ¶ 9. Defendant Polychem contends that the An affidavit should be disregarded because it is not based on personal knowledge as required by Fed. R. Civ. P. 56(c)(4), and that Plaintiff's affidavit "from a non-deposed individual alleging consideration without documentary proof of same" is insufficient to survive summary judgment. ECF No. 26 at 4–6.

The Court finds that the An affidavit is based on sufficient personal knowledge and credits its statements regarding the purpose and circumstances of the Guaranty. *See, e.g.*, An Aff. ¶¶ 4–7, 9. The affidavit establishes that Plaintiffs required the Guaranty from Polychem to continue to ship product to Clocell because Clocell had not paid its outstanding invoices and Plaintiffs doubted the continued viability of Clocell. *Id.* Because the parties clash on whether the Guaranty was executed to induce Plaintiffs to make further deliveries to Clocell, there is a genuine issue of material fact in dispute. See *M. Spiegel & Sons Oil Corp. v. Amiel*, No. A-3657-14T3, 2016 WL 3327126, at *4 (N.J. Super. Ct. App. Div. June 16, 2016) (reversing grant of summary judgment on a written guarantee because the evidence demonstrated the existence of a material fact in dispute where the parties offered competing certifications about whether the guarantee was issued to induce performance on a separate contract). Resolution of the fact issue is required for the Court to decide whether there was consideration to support the Polychem Guaranty as a matter of law. It follows that summary judgment is inappropriate at this point. It is hereby ORDERED that Defendant Polychem's motion for summary judgment, ECF No. 24, is denied.

DATE: 22 June 2017

William H. Walls
Senior United States District Court Judge